STATE ex rel GREEN, Appellant, v. KNIGHT, Commissioner of School and Public Lands, Respondent.

(197 N. W. 159.)

(File No. 5264.   Opinion filed February 11, 1924.)

**Public Lands—School and Public Lands—Disapproval by Commissioner of School and Public Lands of Lease Final, in Absence of Fraud.**

While Rev. Code 1919, Sec. 5642, makes it the duty of the commissioner of school and public lands either to approve a land lease to the highest bidder at a land lease sale, by submitting the lease to the Governor or to disapprove it by returning it to the auditor from whom it was received, his approval or disapproval is discretionary, and his judgment, in the absence of fraud or misconduct, is final.

Appeal from Circuit Court, Marshall County; Hon. B. A. Walton, Judge.

Mandamus by the State, on the relation of J. H. Green, against N. E. Knight, as Commissioner of School and Public

Lands.  From a judgment refusing the writ, relator appeals.  Affirmed.

*Harold W. King,* of Britton, for Appellant.

*Buell F. Jones,* State's Attorney, of Britton, and *Byron S. Payne,* Attorney General, for Respondent.

POLLEY, J.  On or about the 5th day of April, 1922, the respondent herein, the commissioner of school and public lands, held a "land lease" sale of certain lands owned by the state in Marshall county.  At this sale appellant was the highest and best bidder for a lease of the lands described in his petition.  Appellant thereupon paid to the county treasurer the amount of his bid and exhibited his receipt therefor to the county auditor.  The auditor prepared a lease for the land, had it signed by the bidder, and transmitted the same to the commissioner of school and public lands, as required by the provisions of section 5642, Code 1919.  The commissioner refused to approve said lease, or to submit the same to the Governor for his approval.  Appellant then instituted this proceeding in mandamus to compel the commissioner to approve the lease and submit said lease to the Governor for his approval.

Section 5642, so far as material to this case, reads as follows:

" * * * Whenever the highest offer for any tract of land is satisfactory and the tract is reserved for the bidder, such bidder must at once deposit with the county treasurer the amount specified as the annual rental for the tract, and take the treasurer's receipt therefor, a copy of which shall be retained by the treasurer in his office.  The bidder shall exhibit such receipt to the county auditor, who shall thereupon prepare a lease of such tract, in triplicate, according to a form which the board of school and public lands shall prescribe, and shall procure the signature of the lessee thereto.  Upon procuring such signature the county auditor shall transmit to the commissioner the lease so executed, together with the appraisement of the improvements, and a complete report in reference thereto.  If the commissioner approves such lease and appraisement, he shall submit the same to the Governor for his approval.  Should the Governor approve the proposed lease he shall certify such approval upon the lease, and the commissioner shall thereupon execute the same in triplicate on

behalf of the state and file one copy in his office and transmit the other two to the county auditor, who shall deliver one copy to the lessee and file the other in his office, and notify the county treasurer of the execution and approval of the lease. The county treasurer shall then pay to the state treasurer the sum deposited by the lessee. Should the commissioner or the Governor disapprove the proposed lease the county treasurer shall thereupon return to the bidder the sum deposited in full, taking such bidder's receipt therefor on the back of the copy of the duplicate receipt issued to such bidder."

From the provisions of this section it is clear that the approval of a lease of state land by the commissioner of school and public lands is a matter that involves official discretion on his part, over which this court has no right of control. If all the proceedings up to the time this lease reached the hands of respondent were regular, it was respondent's duty to act on the same, either by approving and submitting the same to the Governor, or by disapproving it and returning it to the auditor from whom it was received. But whether he should approve or disapprove is a matter depending entirely upon his own judgment, and when this judgment has been exercised it is final, assuming, of course, that there has been no fraud or other misconduct committed by the commissioner. No such misconduct has been alleged in this case.

The judgment appealed from is affirmed.

Note.—Reported in 197 N. W. 159. See, Headnote, American Key-Numbered Digest, Public lands, Key-No. 169, 32 Cyc. 1098.